RICHARD BUCKLEY *v.* WARDEN OF CONNECTICUT
STATE PRISON

SUPERIOR COURT          HARTFORD COUNTY          FILE NO. 149329

Memorandum filed March 15, 1968

*Igor I. Sikorsky, Jr.,* special public defender, for the plaintiff.

*Joseph T. Gormley, Jr.,* assistant state's attorney, for the defendant.

PALMER, J.   This is an application for a writ of habeas corpus alleging unlawful imprisonment filed by the plaintiff, acting pro se.  The writ issued, and the court appointed a special attorney to represent the plaintiff, pursuant to Practice Book § 472D.  This appointment was revoked, and a second special attorney was appointed who represented the plaintiff at the hearing at the state prison in Somers on December 5, 1967.   The question presented is whether a plea of guilty induced by an agreed recommendation of sentence invalidates a judgment of guilty, even though sentence was imposed in accordance with the recommendation.

On May 7, 1963, the plaintiff pleaded guilty to both counts of an information charging the crimes of robbery with violence, in violation of § 53-14 of the General Statutes, and forgery, in violation of § 53-346.  On May 24, 1963, he was sentenced to the state prison for an effective term of not less than

eighteen months and not more than four years, and he commenced service of this sentence on that day. On November 27, 1964, while confined in the state prison, the plaintiff attempted to escape, and in consequence he was charged with attempt to escape, in violation of § 53-155 of the General Statutes. On February 19, 1965, he pleaded guilty to this charge and was sentenced to the state prison for a term of not less than one year and not more than three years, "said sentence to commence after the sentence or sentences which the . . . [plaintiff] is now serving at said prison." As the plaintiff commenced the service of his first sentence on May 24, 1963, it is apparent that he has completed service of that sentence and is now confined at the state prison by virtue of the mittimus issued pursuant to the sentence for attempt to escape.

In his amended petition, the plaintiff "claims his convictions of May 24, 1963 were illegal and his constitutional rights [were] violated, as a result of his involuntary plea of guilty to charges of Robbery with Violence and Forgery, and that said plea was induced by the physical and mental pressures and threats brought to bear upon him by the State's Attorneys [sic] Office." He "further claims that his plea of guilty on May 24, 1963, was the product of coercion and was unfairly obtained and the Judgments of conviction which vested upon his plea were void."

The plaintiff's brief states that he does not challenge the sentence imposed on February 19, 1965, for attempt to escape "except insofar as he challenges the conviction which placed him in prison at the time of his alleged attempt to escape. It is the . . . [plaintiff's] contention that his original conviction was void and since he was not legally incarcerated, he could not be charged with escape."

The transcript of the proceedings when the plaintiff was sentenced on May 24, 1963, reveals that the assistant state's attorney who represented the state made the customary recital relative to the charges concerning the defendant [plaintiff here], and recommended "that he be confined to the State Prison for whatever term Your Honor feels [is] fit and appropriate." The public defender, who represented the plaintiff, informed the court that he had talked with the assistant state's attorney about the case and understood there would be a recommendation of eighteen months to three years on the first count and one year on the second count. The assistant state's attorney responded by saying that he had no record of such a recommendation in the file, but he felt "that would be a fair disposition." The court imposed sentence accordingly. Before the imposition of sentence, the court asked the plaintiff, "Do you want to say anything?" He answered, "No, sir."

The plaintiff's contention, as expressed in his brief, is "that the fact that his sentence resulted from a bargain even though approved by the court in the imposition of sentence, makes the underlying judgment fatally void."

At the hearing hereon, the plaintiff stated that while he was still in jail, before he pleaded guilty, the public defender told him that he, the public defender, had talked to the state's attorney and that the plaintiff could get a one-and-a-half- to four-year sentence if he pleaded guilty, and if he did not plead guilty, the maximum term could add up to forty-five years or something in between. (The maximum for robbery with violence is twenty-five years and the maximum for forgery is five years.) The plaintiff said that the public defender told him he did not think that the plaintiff could possibly win the case,

so the public defender's best recommendation was to plead guilty "for four years." The plaintiff claimed that he had no intention of pleading guilty until he was so informed. He insisted that his "plea [of guilty] was involuntary," and that he "didn't go up there of . . . [his] own free will and plead guilty." He said: "I pled because it was recommended by my attorney . . . that I could get four years guaranteed by pleading guilty, or else possibly lose the case."

As nearly as the court can determine, the plaintiff's basic claim appears to be that a plea of guilty which is induced by an agreement or "bargain" between a defendant and the state that a specific recommendation would be made to the court in respect to sentence invalidates the judgment of guilty and imprisonment entered upon the basis of that plea, even though sentence was imposed exactly in accordance with the recommendation that prompted the plea. In a word, the plaintiff is complaining because he received the exact sentence he bargained for and hoped to receive. This is an extraordinary claim, and plaintiff's counsel frankly confesses that he is unable to find any legal authority to support it. Certainly the court knows of none. In the opinion of the court, the claim is wholly without merit.

Accordingly, it is unnecessary to consider the plaintiff's further claim that if his imprisonment pursuant to the first sentence on May 24, 1963, was illegal, then he was not subject to imprisonment for an attempt to escape from an unlawful confinement.

Judgment may enter dismissing the writ.